IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**PATRICK I.,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-116**      (Fam. Ct. Kanawha Cnty. No. 23-D-74)

**DONSHELLE M.,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Patrick I.[1] appeals the Family Court of Kanawha County's "Final Order of Allocation" entered March 15, 2023. In that order, the family court awarded equal custody of the parties' minor children and ordered Patrick I. to pay $326.27 per month in child support. Donshelle M. did not file a response brief.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were never married but share three children. On January 25, 2023, Patrick I. filed his pro se Motion for Temporary Relief. In that motion, Patrick I. asked the family court to prohibit Donshelle M. from moving out of state and taking the children with her without his consent.

On February 2, 2023, Patrick I., through counsel, filed his Motion for Emergency Ex Parte Temporary Relief. In that motion, Patrick I. asserted that Donshelle M. was suicidal, he had not seen or spoken to his children since January 24, 2023, and Donshelle M. informed him on January 26, 2023, that she had removed the children from the State.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Patrick I. is represented by Beverly D. Hall, Esq. Donshelle M. did not appear in this appeal.

1

On February 3, 2023, the family court entered an order denying the emergency motion. The family court noted in that order that the parties were never married, and Patrick I. had never been adjudicated the father of the children. Patrick I. filed a motion for reconsideration, with attached birth certificates for the oldest two children that showed Patrick I. as their father. Patrick I. asserted that he was not on the birth certificate for the youngest child because the child was born during the COVID-19 pandemic, and Patrick I. was not allowed in the delivery room. On February 7, 2023, Donshelle M. filed a handwritten response to Patrick I.'s motions. In that pleading, she stated that the parties had an agreement for the children to stay in West Virginia until the end of the 2023 school year while she relocated. However, Patrick I. refused to sign the written agreement, so she took the kids with her. On February 16, 2023, the family court denied Patrick I.'s motion for reconsideration of its February 3, 2023, order.

A final hearing on Patrick I.'s original motion was held before the family court on March 2, 2023. At the hearing, Donshelle M. testified that although she had moved to Florida, she had decided to move back to West Virginia prior to the hearing. She further testified that Patrick I. knew where she was going when she left with the children. The family court then heard the testimony of Patrick I., who testified that he was fine with an equal custody arrangement until Donshelle M. moved to Florida with his children without his consent. Following the hearing, on March 15, 2023, the family court entered its Final Order of Allocation. In that order, the family court adjudicated Patrick I. the father of all three children, set an equal custody arrangement but made Donshelle M. the primary residential parent, and ordered Patrick I. to pay $326.27 in monthly child support. It is from this order that Patrick I. appeals.

For these matters, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, it appears that Patrick I. first asserts that the family court erred by naming Donshelle M. the primary residential parent. However, as mentioned previously, the parties have equal parenting time. Therefore, the title "primary residential parent" is merely a legal designation for state and federal tax purposes. *See* W. Va. Code § 48-9-602 (2022). Insomuch as Patrick I. is arguing that Donshelle M. should not have been awarded any parenting time or the family court's decision was against the weight of the evidence,

this Court cannot set aside a family court's findings "unless clearly erroneous," and a finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, in part, *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Under the clearly erroneous rule, appellate courts of this State do not reweigh the evidence and will not reverse a family court's findings simply because it may have viewed the evidence differently. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017).

Here, Patrick I. asserts that the evidence before the family court was that Donshelle M. does not have stable housing and took the children out of State without his permission. However, there was also testimony before the family court that Donshelle M. was living with her sister and setting up her own housing in South Charleston, West Virginia. Further, when she moved out of State, there was no court order or formal custody agreement between the parties that prevented Donshelle M. from moving with the children. Patrick I. is simply asking that we reweigh the evidence and rule in his favor. We decline to do so. Patrick I. has failed to demonstrate that the findings of the family court were clearly erroneous or that the family court abused its discretion by failing to depart from the presumption that equal custody is in the children's best interest.

Patrick I. next asserts that the family court erred by preventing his counsel from presenting certain arguments.[3] Patrick I. is required on appeal to support his arguments with "appropriate and specific citations to the record . . ." W. Va. R. App. P. 10(c)(7). However, Patrick I. does not cite to anything in the record that demonstrates that the family court prevented his counsel from presenting any legal argument. Thus, we find no merit in this argument.

Lastly, Patrick I. asserts that the family court erred in calculating his income for the purpose of child support formulation. "Generally, the failure to object constitutes a waiver of the right to raise the matter on appeal." *State v. Asbury*, 187 W. Va. 87, 91, 415 S.E.2d 891, 895 (1992). Here, there is nothing in the record that demonstrates that Patrick I. raised this issue before the family court despite having the opportunity to do so. Therefore, we decline to consider this assignment of error.

Accordingly, we affirm the family court's March 15, 2023, order.

Affirmed.

---

[3] The actual argument of this assignment of error appears to be that the family court's decision was against the weight of the evidence. Insomuch as Patrick I. is arguing that the decision of the family court is against the weight of the evidence, such an argument is addressed in the preceding paragraph.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear